UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re:

Kelly Michelle WOLF,

Debtor

Case No. 16-33784-dwh13

NOTICE OF DEBTOR'S INTENT TO
INCUR POST-PETITION DEBT

The Debtor proposes to incur post-petition debt and in support thereof states as follows:

    1. In the Debtor's plan, confirmed on December 16, 2016, the Debtor stated her intention to incur debt.

    2. The Debtor's current student loans are as follows:

|    | **Lender** | **Servicer/Guaranty Agency** | **Principal** | **Interest** |
|----|------------|------------------------------|---------------|--------------|
| 1. | US Department of Education | Transitional Guaranty Agency | $357.00 | $182.00 |
| 2. | US Department of Education | Transitional Guaranty Agency | $4,097.00 | $2,092.00 |
| 3. | US Department of Education | Transitional Guaranty Agency | $2,291.00 | $1,170.00 |
| 4. | US Department of Education | Transitional Guaranty Agency | $1,034.00 | $187.00 |
| 5. | US Department of Education | Transitional Guaranty Agency | $1,890.00 | $381.00 |
| 6. | US Department of Education | Transitional Guaranty Agency | $1,777.00 | $358.00 |
| 7. | US Department of Education | Transitional Guaranty Agency | $1,999.00 | $403.00 |
|    | **TOTAL** |  | **$13,445.00** | **$4,773.00** |

    3. All foregoing student loans are currently in default.

    4. The Debtor wishes to consolidate her current student loans in order to convert them into a federal direct loan. Attached herewith as exhibit "A" is the Debtor's loan consolidation application.

    5. The Debtor's loan consolidation will be done in conjunction with her application for a federal Income Driven Repayment plan.

    6. Pursuant to 20 U.S.C. § 1078(c)(6)(B) and 34 C.F.R. 685.220(f)(iii), when student loans are in default there is an 18.5% cure fee that is added to a consolidated loan remove the loans from default status.

**NOTICE OF DEBTOR'S INTENT TO INCUR DEBT**
NW Debt Relief Law Firm
1312 Main St
Vancouver, WA 98660
Phone: (503) 232-5303 Fax: (866)241-4176

7. The Debtor's new student loan balance, including the cure fee, will be approximately $21,588.00.

8. The Debtor's new interest rate will be approximately 6.875%.

9. The Debtor will qualify for the Revised Pay as You Earn (REPAYE) income driven repayment plan.

10. The Debtor's monthly payment on her student loans will be approximately $0.00.

11. As provided for in paragraphs 13 through 17 of the confirmed plan, Debtor will recertify her income annually to determine the new payment to the REPAYE program.

12. Payment to the income driven repayment plan will be made directly by the Debtor.

13. The loan consolidation will not change any distributions paid to the secured and general unsecured creditors.

14. The loan consolidation will not cause any unfair prejudice to the unsecured creditors.

YOU ARE NOTIFIED that unless you file an objection to this notice no later than 21 days after the service date, **and set forth** the specific grounds for the objection and your relation to the case, with the clerk of court at 1001 SW 5th Ave #700, Portland Oregon 97204 and serve it on Thomas McAvity, 1312 Main St, Vancouver Washington 98660; the undersigned will proceed to take the proposed action, or apply for an order if required, without further notice or a hearing.

DATED this 4th day of April, 2017.

> s/Thomas McAvity OSB#001751
> Thomas McAvity
> of Attorney for Debtor(s)

**NOTICE OF DEBTOR'S INTENT TO INCUR DEBT**
NW Debt Relief Law Firm
1312 Main St
Vancouver, WA 98660
Phone: (503) 232-5303 Fax: (866)241-4176

# CERTIFICATE OF SERVICE

       I hereby certify that the foregoing Notice of Debtor's Intent to Incur Debt was served upon the below-named individuals on April 4, 2017 by mailing to said individuals copies thereof, contained in sealed envelopes, with postage prepaid, addressed to said individuals at said individuals' last known address as set forth below, and deposited in the post office at Vancouver, Washington on said day.

    Debtor
    Kelly Michelle Wolf
    1105 Riverside Drive
    Vernonia, OR 97064

    Wayne Godare
    Chapter 13 Trustee

    US Trustee

    All other creditors

                                            /s/Thomas McAvity
                                            Thomas McAvity

**NOTICE OF DEBTOR'S INTENT TO INCUR DEBT**
NW Debt Relief Law Firm
1312 Main St
Vancouver, WA 98660
Phone: (503) 232-5303 Fax: (866)241-4176

12327129



# INCOME-DRIVEN REPAYMENT (IDR) PLAN REQUEST

**IDR**

For the Revised Pay As You Earn (REPAYE), Pay As You Earn (PAYE), Income-Based Repayment (IBR), and Income-Contingent Repayment (ICR) plans under the William D. Ford Federal Direct Loan (Direct Loan) Program and Federal Family Education Loan (FFEL) Programs

OMB No. 1845-0102
Form Approved
Exp. Date 10/31/2018

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form or on any accompanying document is subject to penalties that may include fines, imprisonment, or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

## SECTION 1: BORROWER INFORMATION

Please enter or correct the following information.
☐ **Check this box if any of your information has changed.**

| | |
|---|---|
| SSN | XXX-XX-7168 |
| Name | Kelly M Wolf |
| Address | 1105 Riverside Dr |
| City, State, Zip | Vernonia, OR, 97064 |
| Telephone – Primary | (XXX) XXX-XXXX |
| Telephone – Alternate | |
| Email (Optional) | |

## SECTION 2: REPAYMENT PLAN OR RECERTIFICATION REQUEST

It's faster and easier to complete this form online at StudentLoans.gov. You can learn more at StudentAid.gov/IDR and by reading Sections 9 and 10. It's simple to get repayment estimates at StudentAid.gov/repayment-estimator. If you need help with this form, contact your loan holder or servicer for free assistance. You can find out who your loan holder or servicer is at StudentAid.gov/login. You may have to pay income tax on any loan amount forgiven under an income-driven plan.

1. **Select the reason you are submitting this form (Check only one):**
   - ☐ I want to enter an income-driven plan - Continue to Item 2.
   - ☐ I am submitting documentation for the annual recertification of my income-driven payment - Skip to Item 5.
   - ☐ I am submitting documentation early to have my income-driven payment recalculated immediately - Skip to Item 5.
   - ☐ I want to change to a different income-driven plan - Continue to Item 2.

2. **Choose a plan and then continue to Item 3.**
   - ☐ (Recommended) I want the income-driven repayment plan with the lowest monthly payment.
   - ☒ REPAYE    ☐ IBR
   - ☐ PAYE      ☐ ICR

3. **Do you have multiple loan holders or servicers?**
   - ☐ Yes - Submit a request to each holder or servicer. Continue to Item 4.
   - ☐ No - Continue to item 4.

4. **Are you currently in deferment or forbearance?** After answering, continue to Item 5.
   - ☐ No.
   - ☐ Yes, but I want to start making payments under my plan immediately.
   - ☐ Yes, and I do not want to start repaying my loans until the deferment or forbearance ends.

Note: If you have FFEL Program loans, they are only eligible for IBR. However, you can consolidate your loans at StudentLoans.gov to access more beneficial income-driven repayment plans.

## SECTION 3: FAMILY SIZE INFORMATION

5. **How many children, including unborn children, are in your family and receive more than half of their support from you?**  0

6. **How many people, excluding your spouse and children, live with you and receive more than half of their support from you?**  0

Note: A definition of "family size" is provided in Section 9. Do not enter a value for you or your spouse. Those values are automatically included in your family size, if appropriate.

Exhibit A
Case 16-33784-pcm13  Page 1  Doc 23    Filed 04/04/17

## SECTION 4A: MARITAL STATUS INFORMATION

**7. What is your marital status?**

- [X] Single - Skip to Item 11.
- [ ] Married - Continue to Item 8.
- [ ] Married, but separated - You will be treated as single. Skip to Item 11.
- [ ] Married, but cannot reasonably access my spouse's income information - You will be treated as single. Skip to Item 11.

**8. Does your spouse have federal student loans?**

- [ ] Yes - Continue to Item 9.
- [ ] No - Skip to Item 10.

**9. Provide the following information about your spouse and then continue to Item 10:**

a. Spouse's SSN  _____
b. Spouse's Name  _____
c. Spouse's Date of Birth  _____

**10. When you filed your last federal income tax return, did you file jointly with your spouse?**

- [ ] Yes - Continue to Item 13.
- [ ] No - Skip to Item 17.

## SECTION 4B: INCOME INFORMATION FOR SINGLE BORROWERS AND MARRIED BORROWERS TREATED AS SINGLE

**11. Has your income significantly changed since you filed your last federal income tax return?**

For example, have you lost your job, experienced a drop in income, or gotten divorced, or did you most recently file a joint return with your spouse, but you have since become separated or lost the ability to access your spouse's income information?

- [ ] Yes - Continue to Item 12.
- [X] No - Provide your most recent federal income tax return or transcript. Skip to Section 6.
- [ ] I haven't filed a federal income tax return in the last two years - Continue to Item 12.

**12. Do you currently have taxable income?**
Check "No" if you do not have any income or receive only untaxed income.

- [ ] Yes - Provide documentation of your income as instructed in Section 5. Skip to that Section.
- [ ] No - You are not required to provide documentation of your income. Skip to Section 6.

Note: Remember, any person who makes a knowingly false statement or misrepresentation on this form may be subject to fines, imprisonment, or both.

## SECTION 4C: INCOME INFORMATION FOR MARRIED BORROWERS FILING JOINTLY

**13. Has your income significantly changed since you filed your last federal income tax return?**

For example, have you lost your job or experienced a drop in income?

- [ ] Yes - Skip to Item 15.
- [ ] No - Continue to Item 14.
- [ ] We haven't filed a federal income tax return in the last two years - Skip to Item 15.

**14. Has your spouse's income significantly changed since your spouse filed his or her last federal income tax return?**

For example, has your spouse lost his or her job or experienced a drop in income?

- [ ] Yes - Continue to Item 15.
- [ ] No - Provide your and your spouse's most recent federal income tax return or transcript. Skip to Section 6.

**15. Do you currently have taxable income?**
Check "No" if you have no taxable income or receive only untaxed income.

- [ ] Yes - You must provide documentation of your income according to the instructions in Section 5. Continue to Item 16.
- [ ] No - You are not required to provide documentation of your income. Continue to Item 16.

**16. Does your spouse currently have taxable income?**
Check "No" if your spouse has no taxable income or receives only untaxed income.

- [ ] Yes - Skip to Section 5 and provide documentation of your spouse's income as instructed in that section.
- [ ] No - You are not required to provide documentation of your spouse's income. If you selected "Yes" to Item 15, skip to Section 5 and document your income. If you selected "No" to Item 15, skip to Section 6.

Remember, any person who knowingly makes a false statement or misrepresentation on this form can be subject to penalties including fines, imprisonment, or both.

| Borrower Name | Kelly M Wolf | Borrower SSN | XXX-XX-7168 |
|---|---|---|---|

**SECTION 4D: INCOME INFORMATION FOR MARRIED BORROWERS FILING SEPARATELY**

**17. Has your income significantly changed since you filed your last federal income tax return?**

For example, have you lost your job or experienced a drop in income?

- ☐ Yes - Continue to Item 18.
- ☐ No - Provide your most recent federal income tax return or transcript. Skip to Item 19.
- ☐ I haven't filed a federal income tax return in the past two years - Continue to Item 18.

**18. Do you currently have taxable income?**

Check "No" if you have no taxable income or receive only untaxed income. After answering, continue to Item 19.

- ☐ Yes - You must provide documentation of your income as instructed in Section 5.
- ☐ No.

**19. Has your spouse's income significantly changed since your spouse filed his or her last federal income tax return?**

For example, has your spouse lost a job or experienced a drop in income?

- ☐ Yes - Continue to Item 20.
- ☐ No - Provide your spouse's most recent federal income tax return or transcript. This information will only be used if you are on or placed on the REPAYE Plan. Skip to Section 6.
- ☐ My spouse hasn't filed a federal income tax return in the past two years - Continue to Item 20.

**20. Does your spouse currently have taxable income?**

Check "No" if your spouse has no taxable income or receives only untaxed income.

- ☐ Yes - Skip to Section 5 and provide documentation of your spouse's income as instructed in that section. This information will only be used if you are on or placed on the REPAYE Plan.
- ☐ No - You are not required to provide documentation of your spouse's income. If you selected "Yes" to Item 18, skip to Section 5 and document your income. If you selected "No" to Item 18, skip to Section 6.

> Note: Remember, any person who makes a knowingly false statement or misrepresentation on this form may be subject to fines, imprisonment, or both.

**SECTION 5: INSTRUCTIONS FOR DOCUMENTING CURRENT INCOME**

You only need to follow these instructions if, based on your answers in Section 4, you and your spouse (if applicable) were instructed to provide documentation of your current income instead of a tax return or tax transcript.

**This is the income you must document:**

- You must provide documentation of all taxable income you and your spouse(if applicable) currently receive.
- Taxable income includes, for example, income from employment, unemployment income, dividend income, interest income, tips, and alimony.
- Do not provide documentation of untaxed income such as Supplemental Security Income, child support, or federal or state public assistance.

**This is how you document your income:**

- Documentation will usually include a pay stub or letter from your employer listing your gross pay.
- Write on your documentation how often you receive the income, for example, "twice per month" or "every other week."
- You must provide at least one piece of documentation for each source of taxable income.
- If documentation is not available or you want to explain your income, attach a signed statement explaining each source of income and giving the name and the address of each source of income.
- **The date on any supporting documentation you provide must be no older than 90 days from the date you sign this form.**
- Copies of documentation are acceptable.

**After gathering the appropriate documentation, continue to Section 6.**

## SECTION 6: BORROWER REQUESTS, UNDERSTANDINGS, AUTHORIZATION, AND CERTIFICATION

If I am requesting an income-driven repayment plan or seeking to change income-driven repayment plans, **I request:**

- That my loan holder place me on the plan I selected in Section 2 to repay my eligible Direct Loan or FFEL Program loans held by the holder to which I submit this form.
- If I do not qualify for the plan or plans I requested, or did not make a selection in Item 2, that my loan holder place me on the plan with the lowest monthly payment amount.
- If I selected more than one plan, that my loan holder place me on the plan with the lowest monthly payment amount from the plans that I requested.
- If more than one of the plans that I selected provides the same initial payment amount, or if my loan holder is determining which of the income-driven plans I qualify for, that my loan holder use the following order in choosing my plan: REPAYE (if my repayment period is 20 years), PAYE, REPAYE (if my repayment period is 25 years), IBR, and then ICR.

If I am not currently on an income-driven repayment plan, but I did not complete Item 1 or I incorrectly indicated in Item 1 that I was already in an income-driven repayment plan, **I request** that my loan holder treat my request as if I had indicated in Item 1 that I wanted to enter an income-driven repayment plan.

If I am currently repaying my Direct Loans under the IBR plan and I am requesting a change to a different income-driven plan, **I request** a one-month reduced-payment forbearance in the amount of my current monthly IBR payment or $5, whichever is greater (unless I request another amount below or I decline the forbearance), to help me move from IBR to the new income-driven plan I requested.

☐ **I request** a one-month reduced-payment forbearance in the amount of: _____

(must be at least $5).

**I understand** that:

- If I do not provide my loan holder with this completed form and any other required documentation, I will not be placed on the plan that I requested or my request for recertification or recalculation will not be processed.
- I may choose a different repayment plan for any loans that are not eligible for income-driven repayment.
- If I requested a reduced-payment forbearance of less than $5 above, my loan holder will grant my forbearance request in the amount of $5.
- If I am requesting a change from the IBR Plan to a different income-driven repayment plan, I may decline the one-month reduced payment forbearance described above by contacting my loan holder. If I decline the forbearance, I will be placed on the Standard Repayment Plan and must make one monthly payment under that plan before I can be placed on a different repayment plan.
- If I am requesting the ICR plan, my initial payment amount will be the amount of interest that accrues each month on my loan until my loan holder receives the income documentation needed to calculate my payment amount. If I cannot afford the initial payment amount, I may request a forbearance by contacting my loan holder.
- If I am married and I request the ICR plan, my spouse and I have the option of repaying our Direct Loans jointly under this plan. My loan servicer can provide me with information about this option.
- If I have FFEL Program loans, my spouse may be required to give my loan holder access to his or her loan information in the National Student Loan Data System (NSLDS). If this applies to me, my loan holder will contact me with instructions.
- My loan holder may grant me a forbearance while processing my application or to cover any period of delinquency that exists when I submit my application.

**I authorize** the loan holder to which I submit this request (and its agents or contractors) to contact me regarding my request or my loans, including the repayment of my loans, at any number that I provide on this form or any future number that I provide for my cellular telephone or other wireless device using automated dialing equipment or artificial or prerecorded voice or text messages.

**I certify** that all of the information I have provided on this form and in any accompanying documentation is true, complete, and correct to the best of my knowledge and belief.

| **Borrower's Signature** /s/ Kelly M Wolf | **Date** 03/28/2017 |
|---|---|
| **Spouse's Signature** | **Date** |

**If you are married, your spouse is required to sign this form unless you are separated from your spouse or you're unable to reasonably access your spouse's income information.**

## SECTION 7: WHERE TO SEND THE COMPLETED FORM

Return the completed form and any documentation to:

(If no address is shown, return to your loan holder.)

If you need help completing this form call:

(If no phone number is shown, call your loan holder.)

## SECTION 8: INSTRUCTIONS FOR COMPLETING THE FORM

Type or print using dark ink. Enter dates as month-day-year (mm-dd-yyyy). Example: March 14, 2015 = 03-14-2015. Include your name and account number on any documentation that you are required to submit with this form. **Return the completed form and any required documentation to the address shown in Section 7.**

## SECTION 9: DEFINITIONS

### COMMON DEFINITIONS FOR ALL PLANS:

**Capitalization** is the addition of unpaid interest to the principal balance of your loan. This will increase the principal balance and the total cost of your loan.

A **deferment** is a period during which you are entitled to postpone repayment of your loans. Interest is not generally charged to you during a deferment on your subsidized loans. Interest is always charged to you during a deferment on your unsubsidized loans.

The **William D. Ford Federal Direct Loan (Direct Loan) Program** includes Direct Subsidized Loans, Direct Unsubsidized Loans, Direct PLUS Loans, and Direct Consolidation Loans.

**Family size** always includes you and your children (including unborn children who will be born during the year for which you certify your family size), if the children will receive more than half their support from you.

For the PAYE, IBR, and ICR Plans, family size always includes your spouse. For the REPAYE plan, family size includes your spouse unless your spouse's income is excluded from the calculation of your payment amount.

For all plans, family size also includes other people only if they live with you now, receive more than half their support from you now, and will continue to receive this support for the year that you certify your family size. Support includes money, gifts, loans, housing, food, clothes, car, medical and dental care, and payment of college costs. Your family size may be different from the number of exemptions you claim for tax purposes.

The **Federal Family Education Loan (FFEL) Program** includes Federal Stafford Loans (both subsidized and unsubsidized), Federal PLUS Loans, Federal Consolidation Loans, and Federal Supplemental Loans for Students (SLS).

A **forbearance** is a period during which you are permitted to postpone making payments temporarily, allowed an extension of time for making payments, or temporarily allowed to make smaller payments than scheduled.

The **holder** of your Direct Loans is the U.S. Department of Education (the Department). The holder of your FFEL Program loans may be a lender, secondary market, guaranty agency, or the Department. Your loan holder may use a servicer to handle billing, payment, repayment options, and other communications. References to "your loan holder" on this form mean either your loan holder or your servicer.

A **partial financial hardship** is an eligibility requirement for the PAYE and IBR plans. You have a partial financial hardship when the annual amount due on all of your eligible loans (and, if you are required to provide documentation of your spouse's income, the annual amount due on your spouse's eligible loans) exceeds what you would pay under PAYE or IBR.

The annual amount due is calculated based on the greater of **(1)** the total amount owed on eligible loans at the time those loans initially entered repayment, or **(2)** the total amount owed on eligible loans at the time you initially request the PAYE or IBR plan. The annual amount due is calculated using a standard repayment plan with a 10-year repayment period, regardless of loan type. When determining whether you have a partial financial hardship for the PAYE plan, the Department will include any FFEL Program loans that you have into account even though those loans are not eligible to be repaid under the PAYE plan, except for: **(1)** a FFEL Program loan that is in default, **(2)** a Federal PLUS Loan made to a parent borrower, or **(3)** a Federal Consolidation Loan that repaid a Federal or Direct PLUS Loan made to a parent borrower.

The **poverty guideline amount** is the figure for your state and family size from the poverty guidelines published annually by the U.S. Department of Health and Human Services (HHS). If you are not a resident of a state identified in the poverty guidelines, your poverty guideline amount is the amount used for the 48 contiguous states.

The **standard repayment plan** has a fixed monthly payment amount over a repayment period of up to 10 years for loans other than Direct or Federal Consolidation Loans, or up to 30 years for Direct and Federal Consolidation Loans.

**SECTION 9: DEFINITIONS (CONTINUED)**

**DEFINITIONS FOR THE REPAYE PLAN:**

The **Revised Pay As You Earn (REPAYE) plan** is a repayment plan with monthly payments that are generally equal to 10% of your discretionary income, divided by 12.

**Discretionary income for the REPAYE plan** is the amount by which your income exceeds 150% of the poverty guideline amount.

**Eligible loans for the REPAYE plan** are Direct Loan Program loans other than: (1) a loan that is in default, (2) a Direct PLUS Loan made to a parent borrower, or (3) a Direct Consolidation Loan that repaid a Direct or Federal PLUS Loan made to a parent borrower.

**DEFINITIONS FOR THE PAYE PLAN:**

The **Pay As You Earn (PAYE) plan** is a repayment plan with monthly payments that are generally equal to 10% of your discretionary income, divided by 12.

**Discretionary income for the PAYE plan** is the amount by which your income exceeds 150% of the poverty guideline amount.

**Eligible loans for the PAYE plan** are Direct Loan Program loans other than: **(1)** a loan that is in default, **(2)** a Direct PLUS Loan made to a parent borrower, or **(3)** a Direct Consolidation Loan that repaid a Direct or Federal PLUS Loan made to a parent borrower.

You are a **new borrower for the PAYE plan** if: **(1)** you have no outstanding balance on a Direct Loan or FFEL Program loan as of October 1, 2007 or have no outstanding balance on a Direct Loan or FFEL Program loan when you obtain a new loan on or after October 1, 2007, and **(2)** you receive a disbursement of an eligible loan on or after October 1, 2011, or you receive a Direct Consolidation Loan based on an application received on or after October 1, 2011.

**DEFINITIONS FOR THE IBR PLAN:**

The **Income-Based Repayment (IBR) plan** is a repayment plan with monthly payments that are generally equal to 15% (10% if you are a new borrower) of your discretionary income, divided by 12.

**Discretionary income for the IBR plan** is the amount by which your adjusted gross income exceeds 150% of the poverty guideline amount.

**Eligible loans for the IBR plan** are Direct Loan and FFEL Program loans other than: **(1)** a loan that is in default, **(2)** a Direct or Federal PLUS Loan made to a parent borrower, or **(3)** a Direct or Federal Consolidation Loan that repaid a Direct or Federal PLUS Loan made to a parent borrower.

You are a **new borrower for the IBR plan** if: **(1)** you have no outstanding balance on a Direct Loan or FFEL Program loan as of July 1, 2014 or **(2)** have no outstanding balance on a Direct Loan or FFEL Program loan when you obtain a new loan on or after July 1, 2014.

**DEFINITIONS FOR THE ICR PLAN:**

The **Income-Contingent Repayment (ICR) plan** is a repayment plan with monthly payments that are the lesser of **(1)** what you would pay on a repayment plan with a fixed monthly payment over 12 years, adjusted based on your income or **(2)** 20% of your discretionary income divided by 12.

**Discretionary income for the ICR plan** is the amount by which your adjusted gross income exceeds the poverty guideline amount for your state of residence and family size.

**Eligible loans for the ICR plan** are Direct Loan Program loans other than: **(1)** a loan that is in default, **(2)** a Direct PLUS Loan made to a parent borrower, or **(3)** Direct PLUS Consolidation Loan (based on an application received prior to July 1, 2006 that repaid Direct or Federal PLUS Loans made to a parent borrower). However, a Direct Consolidation Loan made based on an application received on or after July 1, 2006 that repaid a Direct or Federal PLUS Loan made to a parent borrower is eligible for the ICR plan.

**SECTION 10: INCOME-DRIVEN PLAN ELIGIBILITY REQUIREMENTS AND GENERAL INFORMATION**

**Table 1. Income-Driven Plan Eligibility Requirements and General Information.**

| Plan Feature | REPAYE | PAYE | IBR | ICR |
|---|---|---|---|---|
| **Payment Amount** | Generally, 10% of discretionary income. | Generally, 10% of discretionary income. | Never more than 15% of discretionary income. | Lesser of 20% of discretionary income or what you would pay under a repayment plan with fixed payments over 12 years, adjusted based on your income. |
| **Cap on Payment Amount** | None. Your payment may exceed what you would have paid under the 10-year standard repayment plan. | What you would have paid under the 10-year standard repayment plan when you entered the plan. | What you would have paid under the 10-year standard repayment plan when you entered the plan. | None. Your payment may exceed what you would have paid under the 10-year standard repayment plan. |
| **Married Borrowers** | Your payment will be based on the combined income and loan debt of you and your spouse regardless of whether you file a joint or separate Federal income tax return, unless you and your spouse **(1)** are separated or **(2)** you are unable to reasonably access your spouse's income information. | Your payment will be based on the combined income and loan debt of you and your spouse only if you file a joint Federal income tax return, unless you and your spouse **(1)** are separated or **(2)** you are unable to reasonably access your spouse's income information. | Your payment will be based on the combined income and loan debt of you and your spouse only if you file a joint Federal income tax return, unless you and your spouse **(1)** are separated or **(2)** you are unable to reasonably access your spouse's income information. | Your payment will be based on the combined income of you and your spouse only if you file a joint Federal income tax return, unless you and your spouse **(1)** are separated or **(2)** you are unable to reasonably access your spouse's income information. |
| **Borrower Responsibility for Interest** | On subsidized loans, you do not have to pay the difference between your monthly payment amount and the interest that accrues for your first 3 consecutive years in the plan. On subsidized loans after this period and on unsubsidized loans during all periods, you only have to pay half the difference between your monthly payment amount and the interest that accrues. | On subsidized loans, you do not have to pay the difference between your monthly payment amount and the interest that accrues for your first 3 consecutive years in the plan. | On subsidized loans, you do not have to pay the difference between your monthly payment amount and the interest that accrues for your first 3 consecutive years in the plan. | You are responsible for paying all of the interest that accrues. |
| **Forgiveness Period** | If you only have eligible loans that you received for undergraduate study, any remaining balance is forgiven after 20 years of qualifying repayment. If you have any eligible loans that you received for graduate or professional study, any remaining balance is forgiven after 25 years of qualifying repayment on all of your loans. Forgiveness may be taxable. | Any remaining balance is forgiven after 20 years of qualifying repayment, and may be taxable. | Any remaining balance is forgiven after no more than 25 years of qualifying repayment, and may be taxable. | Any remaining balance is forgiven after 25 years of qualifying repayment, and may be taxable. |

**SECTION 10: INCOME-DRIVEN PLAN ELIGIBILITY REQUIREMENTS AND GENERAL INFORMATION**

| Plan Feature | REPAYE | PAYE | IBR | ICR |
|---|---|---|---|---|
| **Income Eligibility** | None. | You must have a "partial financial hardship". | You must have a "partial financial hardship". | None. |
| **Borrower Eligibility** | You must be a Direct Loan borrower with eligible loans. | You must be a "new borrower" with eligible Direct Loans. | You must be a Direct Loan or FFEL borrower with eligible loans. | You must be a Direct Loan borrower with eligible loans. |
| **Recertify Income and Family Size** | Annually. Failure to submit documentation by the deadline will result in capitalization of interest and increasing your payment to ensure that your loan is paid in full over the lesser of 10 or the remainder of 20 or 25 years. | Annually. Failure to submit documentation by the deadline may result in the capitalization of interest and will increase the payment amount to the 10-year standard payment amount. | Annually. Failure to submit documentation by the deadline will result in the capitalization of interest and increase in payment amount to the 10-year standard payment amount. | Annually. Failure to submit documentation by the deadline will result in the recalculation of your payment amount to be the 10-year standard payment amount. |
| **Leaving the Plan** | At any time, you may change to any other repayment plan for which you are eligible. | At any time, you may change to any other repayment plan for which you are eligible. | If you want to leave the plan, you will be placed on the standard repayment plan. You may not change plans until you have made one payment under that plan or a reduced-payment forbearance. | At any time, you may change to any other repayment plan for which you are eligible. |
| **Interest Capitalization** | Interest is capitalized when you are removed from the plan for failing to recertify your income by the deadline or when you voluntarily leave the plan. | If you are determined to no longer have a "partial financial hardship" or if you fail to recertify your income by the deadline, interest is capitalized until the outstanding principal balance on your loans is 10% greater than it was when you entered the plan. It is also capitalized if you leave the plan. | If you are determined to no longer have a "partial financial hardship", fail to recertify your income by the deadline, or leave the plan, interest is capitalized. | Interest that accrues when your payment amount is less than accruing interest on your loans is capitalized annually until the outstanding principal balance on your loans is 10% greater than it was when your loans entered repayment. |
| **Re-Entering the Plan** | Your loan holder will compare the total of what you would have paid under REPAYE to the total amount you were required to pay after you left REPAYE. If the difference between the two shows that you were required to pay less by leaving REPAYE, your new REPAYE payment will be increased. The increase is equal to the difference your loan holder calculated, divided by the number of months remaining in the 20- or 25-year forgiveness period. | You must again show that you have a "partial financial hardship". | You must again show that you have a "partial financial hardship". | No restrictions. |

12327129

## SECTION 11: SAMPLE PAYMENT AMOUNTS

The tables below provide repayment estimates under the traditional and income-driven repayment plans. These figures are estimates based on an interest rate of 6%, the average Direct Loan interest rate for undergraduate and graduate borrowers. The figures also assume a family size of 1, that you live in the continental U.S., and that your income increases 5% each year. Various factors, including your interest rate, your loan debt, your income, if and how quickly your income rises, and when you started borrowing may cause your repayment to differ from the estimates shown in these tables. These figures use the 2016 Poverty Guidelines and Income Percentage Factors.

**Table 2. Non-Consolidation, Undergraduate Loan Debt of $30,000 in Direct Unsubsidized Loans and Starting Income of $25,000**

| Repayment Plan | Initial Payment | Final Payment | Time in Repayment | Total Paid | Loan Forgiveness |
|---|---|---|---|---|---|
| Standard | $333 | $333 | 10 years | $33,967 | N/A |
| Graduated | $190 | $571 | 10 years | $42,636 | N/A |
| Extended-Fixed | Ineligible | - | - | - | - |
| Extended-Graduated | Ineligible | - | - | - | - |
| PAYE | $60 | $296 | 20 years | $38,105 | $27,823 |
| REPAYE | $60 | $296 | 20 years | $38,105 | $24,253 |
| IBR | $90 | $333 | 21 years, 10 months | $61,006 | $0 |
| ICR | $195 | $253 | 19 years, 6 months | $52,233 | $0 |

**Table 3. Non-Consolidation, Graduate Loan Debt of $60,000 in Direct Unsubsidized Loans and Starting Income of $40,000**

| Repayment Plan | Initial Payment | Final Payment | Time in Repayment | Total Paid | Loan Forgiveness |
|---|---|---|---|---|---|
| Standard | $666 | $666 | 10 years | $79,935 | N/A |
| Graduated | $381 | $1,143 | 10 years | $85,272 | N/A |
| Extended-Fixed | $437 | $437 | 25 years | $130,974 | N/A |
| Extended-Graduated | $300 | $582 | 25 years | $126,168 | N/A |
| PAYE | $185 | $612 | 20 years | $87,705 | $41,814 |
| REPAYE | $185 | $816 | 25 years | $131,444 | $0 |
| IBR | $277 | $666 | 18 years, 3 month | $107,905 | $0 |
| ICR | $469 | $588 | 13 years, 9 months | $89,468 | $0 |

Exhibit A
Case 16-33784-pcm13  Page 9  Doc 23    Filed 04/04/17

**SECTION 12: IMPORTANT NOTICES**

**Privacy Act Notice.** The Privacy Act of 1974 (5 U.S.C. 552a) requires that the following notice be provided to you:

The authorities for collecting the requested information from and about you are §421 et seq. and §451 et seq. of the Higher Education Act of 1965, as amended (20 U.S.C. 1071 et seq. and 20 U.S.C. 1087a et seq.), and the authorities for collecting and using your Social Security Number (SSN) are §§428B(f) and 484(a)(4) of the HEA (20 U.S.C. 1078-2(f) and 1091(a)(4)) and 31 U.S.C. 7701(b). Participating in the Federal Family Education Loan (FFEL) Program or the William D. Ford Federal Direct Loan (Direct Loan) Program and giving us your SSN are voluntary, but you must provide the requested information, including your SSN, to participate.

The principal purposes for collecting the information on this form, including your SSN, are to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan (such as a deferment, forbearance, discharge, or forgiveness) under the FFEL and/or Direct Loan Programs, to permit the servicing of your loans, and, if it becomes necessary, to locate you and to collect and report on your loans if your loans become delinquent or default. We also use your SSN as an account identifier and to permit you to access your account information electronically.

The information in your file may be disclosed, on a case-by-case basis or under a computer matching program, to third parties as authorized under routine uses in the appropriate systems of records notices. The routine uses of this information include, but are not limited to, its disclosure to federal, state, or local agencies, to private parties such as relatives, present and former employers, business and personal associates, to consumer reporting agencies, to financial and educational institutions, and to guaranty agencies in order to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan, to permit the servicing or collection of your loans, to enforce the terms of the loans, to investigate possible fraud and to verify compliance with federal student financial aid program regulations, or to locate you if you become delinquent in your loan payments or if you default. To provide default rate calculations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to state agencies. To provide financial aid history information, disclosures may be made to educational institutions.

To assist program administrators with tracking refunds and cancellations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal or state agencies. To provide a standardized method for educational institutions to efficiently submit student enrollment statuses, disclosures may be made to guaranty agencies or to financial and educational institutions. To counsel you in repayment efforts, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal, state, or local agencies.

In the event of litigation, we may send records to the Department of Justice, a court, adjudicative body, counsel, party, or witness if the disclosure is relevant and necessary to the litigation. If this information, either alone or with other information, indicates a potential violation of law, we may send it to the appropriate authority for action. We may send information to members of Congress if you ask them to help you with federal student aid questions. In circumstances involving employment complaints, grievances, or disciplinary actions, we may disclose relevant records to adjudicate or investigate the issues. If provided for by a collective bargaining agreement, we may disclose records to a labor organization recognized under 5 U.S.C. Chapter 71. Disclosures may be made to our contractors for the purpose of performing any programmatic function that requires disclosure of records. Before making any such disclosure, we will require the contractor to maintain Privacy Act safeguards. Disclosures may also be made to qualified researchers under Privacy Act safeguards.

**Paperwork Reduction Notice.** According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 1845-0102. Public reporting burden for this collection of information is estimated to average 20 minutes (0.33 hours) per response, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the information collection. Individuals are obligated to respond to this collection to obtain a benefit in accordance with 34 CFR 682.215, 685.209, or 685.221.

**If you have comments or concerns regarding the status of your individual submission of this form, please contact your loan holder directly (see Section 7).**